UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| MOHAMMED S. ROBLE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 17-cv-717 (TSC) |
| DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, challenges the Executive Office for United States Attorneys' ("EOUSA") denial of his request under the Freedom of Information Act ("FOIA") and the Privacy Act. The Department of Justice, of which EOUSA is a component, has moved for summary judgment under Federal Rule of Civil Procedure 56 (ECF No. 10). For the reasons explained below, the motion will be GRANTED.

**I. BACKGROUND**

On October 11, 2016, Plaintiff requested copies of "Grand jury minutes (transcripts) taken on November 6th 2013" pertaining to his criminal indictment in the Superior Court of the District of Columbia. (Decl. of Vinay J. Jolly, ECF No. 10-1, Ex. A). Such records "were originally maintained in the criminal case *United States v. Roble*, No. 13-CF1-6095." (Jolly Decl. ¶ 9). Plaintiff wrote that he had "been provided with several other transcripts from the grand jury . . . taken on April 17, 19, 24th, May 10, 15 and 16th, 2013 prepared by your Office." (Jolly Decl., Ex. A).

1

By letter of November 22, 2016, EOUSA denied Plaintiff's request on the erroneous premise that he had sought third-party records. (*Id.*, Ex. B). Plaintiff appealed to the Office of Information Policy ("OIP"), which accurately described the request as seeking "access to grand jury minutes from [Plaintiff's] criminal case recorded on November 6, 2013" but nonetheless affirmed EOUSA's denial "on modified grounds." (*Id.*, Ex. E). OIP explained: "To the extent that the specific grand jury records that you seek exist, any such records would be protected from disclosure pursuant to 5 U.S.C. § 552(b)(3)," which "concerns matters specifically exempted from release by a statute other than the FOIA[,]" (Ex. E). OIP cited "Rule 6(e) of the Federal Rules of Criminal Procedure, which pertains to the secrecy of grand jury proceedings." (*Id.*). It stated that because any responsive records "would be categorically exempt from disclosure, EOUSA was not required to conduct a search for the requested records." (*Id.*). OIP advised Plaintiff of his right to file this lawsuit, which commenced on April 19, 2017.

**II. LEGAL STANDARD**

Summary judgment is appropriate where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). "FOIA cases typically and appropriately are decided on motions for summary judgment." *Georgacarakos v. FBI*, 908 F. Supp. 2d 176, 180 (D.D.C. 2012) (citation omitted). The district court conducts a *de novo* review of the government's decision to withhold requested documents under any of FOIA's specific statutory exemptions. *See* 5 U.S.C. § 552(a)(4)(B). The burden

is on the government agency to show that nondisclosed, requested material falls within a stated exemption. *See Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1433 (D.C. Cir. 1992) (citing 5 U.S.C. § 552(a)(4)(B)).

In FOIA cases, summary judgment may be based solely on information provided in the agency's supporting declarations. *See ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011); *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 838 (D.C. Cir. 2001). The D.C. Circuit instructs:

> If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone.

*ACLU*, 628 F.3d at 619. "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Id.* (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (internal quotation marks omitted)). "To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records." *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)).

**III. ANALYSIS**

**1. Privacy Act**

Defendant asserts correctly that disclosure of the requested records is not required under the Privacy Act because the criminal files of the United States Attorneys' Offices have been properly exempted from that Act's access provisions.

3

(*See* Def.'s Mem. at 4-5, ECF No. 10) (citing Jolly Decl. ¶ 10 and 5 U.S.C. § 552a (j)(2)). Because the Privacy Act excepts from its coverage documents required to be disclosed under the FOIA, 5 U.S.C. § 552a(b)(2), EOUSA duly proceeded "under the provisions of the FOIA." (Jolly Decl. ¶ 11).

   2.  **FOIA**

FOIA Exemption 3 protects from disclosure records that are "specifically exempted from disclosure by statute . . ., if that statute (i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld[.]" 5 U.S.C. § 552(b)(3)(A). To prevail under this exemption, the government "need only show that the statute claimed is one of exemption as contemplated by Exemption 3 and that the withheld material falls within the statute." *Larson v. Dep't of State*, 565 F.3d 857, 865 (D.C. Cir. 2009) (citation omitted).

Citing Federal Rule of Criminal Procedure 6(e)(2)(B), the D.C. Circuit has "recognized that 'requests for documents related to grand jury investigations implicate FOIA's third exemption.'"[1] *Murphy v. Exec. Office for U.S. Attorneys*, 789 F.3d 204, 206 (D.C. Cir. 2015) (quoting *Lopez v. DOJ*, 393 F.3d 1345, 1349 (D.C. Cir. 2005)). Not all grand jury material is protected, however. *See Senate of the Com. of Puerto Rico on Behalf of Judiciary Comm. v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987) ("We have never embraced a reading of Rule 6(e) so literal as to draw "a veil

---

[1] "Because it was affirmatively enacted by Congress, Rule 6(e) is recognized as a 'statute' for Exemption 3 purposes." *Cunningham v. Holder*, 842 F. Supp. 2d 338, 343 (D.D.C. 2012) (citing *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 867 (D.C. Cir. 1981)).

of secrecy . . . over all matters occurring in the world that happen to be investigated by a grand jury.") (citation and internal quotation marks omitted)); *accord Lopez*, 393 F.3d at 1349-51 (differentiating exempt material from non-exempt material). Exemption 3 only protects information that, if disclosed, "'would tend to reveal some secret aspect of the grand jury's investigation, including the identities of witnesses.'" *Murphy*, 789 F.3d at 206 (quoting *Hodge v. FBI*, 703 F.3d 575, 580 (D.C. Cir. 2013); *see Senate of P.R.*, 823 F.2d at 582 (listing protected matters as "the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like") (citation and internal quotation marks omitted)).

EOUSA's declarant confirms the government's reliance on Exemption 3 to withhold "grand jury transcripts and minutes, pertaining to the direction and targets of the grand jury and naming of grand jury witnesses." Jolly Decl. ¶ 13. The declarant explains that the disclosure of such matters would reveal "the scope of the grand jury's investigation by setting forth where the government sought to find evidence to develop its case, how the government developed its case, and who it relied upon to develop the elements of crimes." *Id*. The declarant confirms also that no court orders authorizing disclosure of "any grand jury material" have been issued. *Id*. n.2 (citing Fed. R. Crim. P. 6(e)(3)(E)).

EOUSA's response was proper since "a grand jury transcript itself epitomizes the sensitive details of the proceedings that Congress sought to keep protected." *Sanders v. Obama*, 729 F. Supp. 2d 148, 156 (D.D.C. 2010), *aff'd sub nom. Sanders v. U.S. Dep't of Justice*, No. 10-5273, 2011 WL 1769099 (D.C. Cir. Apr. 21, 2011) (citing cases); *see*

5

*Sanders*, 2011 WL 1769099, at *1 ("[T]he district court correctly held that the government properly withheld the grand jury transcript under FOIA Exemption 3 because the transcript would reveal "such matters as the identities . . . of witnesses . . ., the substance of testimony, [and] the . . . questions of jurors.") (quoting *Stolt–Nielsen Transp. Group Ltd. v. United States*, 534 F.3d 728, 732 (D.C. Cir. 2008) (ellipses in original)). In addition, EOUSA has plausibly explained why the responsive records would not be segregable. (Jolly Decl. ¶ 14); *cf. Sanders*, 729 F. Supp. 2d at 157, n.6 (finding segregability a non-issue where all responsive records were released in full and the grand jury transcript was "exempted in full").

Plaintiff's counterarguments are misplaced. It is apparent from the complaint and opposition that Plaintiff is seeking confirmation of what he describes as the "second (new)" grand jury proceedings, which resulted in his indictment. Plaintiff explains that he "was informed that multiple Grand juries heard evidence in the criminal case against him, and that the second (new) Grand jury which returned the indictment did not investigate the case nor hear live testimony from any witness." (Pl.'s Opp'n at 1, ECF No. 15). In contrast, Plaintiff alleges, "the first (prior) Grand jury which investigated the case and heard live testimony from all the witnesses, found the government's evidence flawed and inconsistent[.]" (*Id.* at 1-2). Plaintiff surmises that "[t]here was no investigations [sic] done nor live testimony from any witness heard by the second (new) Grand jury," which "only relied upon 'hearsay statements' told by the Assistant United States Attorney . . . to return the indictment." (Pl.'s Opp'n at 2).

In a FOIA case, however, it is established that "the identity of the requester is irrelevant to whether disclosure is required," *Stonehill v. IRS*, 558 F.3d 534, 538-39

6

(D.C. Cir. 2009) (citation omitted), and, with few exceptions not applicable to Exemption 3, a FOIA "requester's . . . purpose for the disclosure [is] generally immaterial." *Clay v. U.S. Dep't of Justice*, 680 F. Supp. 2d 239, 248 (D.D.C. 2010) (citing *North v. Walsh*, 881 F.2d 1088, 1096 (D.C. Cir. 1989) (other citations omitted)); *see Peay v. Dep't of Justice*, No. 04-cv-1859, 2006 WL 1805616, at *2, n.3 (D.D.C. June 29, 2006) (noting that in contrast to the balancing requirements of exemptions 6 and 7(C), "exemption 3 does not authorize" the weighing of interests as "'Congress has done the necessary balancing and enacted FOIA to represent the cross-currents of concern") (quoting *Crooker v. Bureau of Alcohol, Tobacco and Firearms*, 670 F.2d 1051, 1074 (D.C. Cir. 1981)); *see also Dugan v. Dep't of Justice*, 82 F. Supp. 3d 485, 495 (D.D.C. 2015) (declining to "address [FOIA] plaintiff's arguments concerning his criminal prosecution or his purported innocence"); *Sanders*, 729 F. Supp. 2d at 157 ("ascertain[ing] how the government demonstrated probable cause in order to obtain an indictment in [FOIA requester's] criminal prosecution . . . is not a consideration within the jurisdiction of this Court nor does this justification rebut the Defendants' proper claim of Exemption 3 and proper withholding of the grand jury transcript").

Plaintiff has offered nothing to defeat summary judgment in this FOIA case, and the record and prevailing case law support EOUSA's Exemption 3 claim. Therefore, Defendant, having shown its full compliance with FOIA, is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment will be GRANTED. A corresponding order will issue separately.

Date: May 21, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge